UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENESTA MC CALL

    Plaintiff,

v.                                            CASE NO. 8:07-cv-498-T-17MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Objections to United States Magistrate Judge's Report and Recommendation (Doc. 11), filed by Genesta McCall ("Plaintiff") on February 8, 2008. In her objections, Plaintiff petitions the Court to reject the Report and Recommendation ("R&R") of United States Magistrate Judge Mark A. Pizzo (Doc. 10), issued on January 25, 2008.

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida, parties have ten (10) days after service of the R&R to file written objections to the proposed findings and recommendations or be barred from attacking the factual findings on appeal. Plaintiff's written objections were filed on February 8, 2008.

I.    FACTS

On January 25, 2008, Magistrate Pizzo recommended that this Court affirm Commissioner Astrue's decision to deny Supplemental Security Income benefits. He based this

recommendation on the Commissioner's determination that the Plaintiff is able to perform a significant number of jobs in the national economy.

Plaintiff was 22 at the time of administrative hearing and claimed disability due to asthma, obesity, and atypical chest pain.[1] She had a high school education and past relevant work experience working between 25-30 hours per week at an elementary school. (Tr. 279). Plaintiff also worked for a month and a half as a security officer, but resigned when she felt unable to work the required eight to sixteen hours a days, seven days a week, without taking too may sick days. (Tr. 280). At the time of hearing, she completed two and a half to three weeks of full-time employment with another security company. (Tr. 276-77).

Plaintiff's objections include disagreement with the factual finding of the Administrative Law Judge ("ALJ") regarding her ability to perform a Substantial Gainful Activity ("SGA") as defined by Social Security Regulation ("SSR") 96-8p. She also claims the ALJ failed to properly analyze the combined effects of her obesity and asthma in violation of SSR 02-01p. Further, she argues that the ALJ improperly relied on determinations of state agency medical consultants, and the vocational officer improperly relied on an incomplete hypothetical. Finally, she claims that the ALJ failed to utilize the binding Eleventh Circuit pain standard.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes specific written objections to an R&R, the district court shall review the specified determinations *de novo*. 28 U.S.C. § 636(b)(1) (cited by *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Bd. Of Educ. Of State of Ga.*, 896 F. 2d 507, 512 (11th Cir. 1990)). After such review, the judge may accept, reject, or modify, in whole or in part the magistrate judge's finding or recommendations. *Id.* Additionally,

---

[1] Magistrate Pizzo relied on the report of Plaintiff's medical history contained in the Administrative Law Judge's report. *See* Tr. 42-43.

2

the judge may receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

### III. ANALYSIS

Plaintiff objects to the R&R of the magistrate judge and asks this Court to reverse and remand with an immediate award of benefits. The Plaintiff claims that the judicial determination made by ALJ Edwin W. Tyler: (A) improperly affirmed the Commissioner's finding of Residual Functional Capacity ("RFC") under SSR 96-8p, (B) failed recognize a valid condition created in the aggregate of Plaintiff's impairments under SSR 02-1p, (C) gave improper weight to the opinion of State Agency Physicians, (D) erroneously relied on the opinion of a vocational officer made with an incomplete hypothet, and (E) failed to use the binding 11th Circuit Pain Standard. For the following reasons, this Court **DENIES** Plaintiff's requests.

**A.     This Court Should Reject the Magistrate Judge's Recommendation Because the ALJ Improperly Affirmed the Commissioner's Finding of RFC Under SSR 96-8p.**

The Plaintiff erroneously challenges the ALJ's affirmation of the Commissioner's RFC determination. The Commissioner properly weighed all evidence including past work experience, to satisfy both SSR 69-8p and *Freeman*. SSR 69-8p and *Freeman* requires that the ALJ assess on a function-by-function basis while weighing all evidence regarding the applicant's claimed level of disability. *Freeman v. Barnhart*, 220 Fed. Appx. 157 (11th Cir. 2007). The ALJ affirmed this finding only after consideration of all available evidence, which demonstrated that the Plaintiff's claimed level of disability was inconsistent with her prior work experience and medical records.

On objection, Plaintiff claims her work experience demonstrates an inability to obtain Substantial Gainful Employment ("SGA"). She coupled this evidence with the findings of both

Dr. Green and Rodriguez, who are the only physicians of record who have offered an opinion of Plaintiff's functional abilities and limitations. (Tr. 214, 222.) According to 20 CFR §416.920 if an applicant is capable of performing SGA, she is not disabled, and, therefore, not entitled to benefits. Neither the opinions of Drs. Green and Rodriguez nor the evidence presented by the Plaintiff support the conclusion that she is disabled and unable to work. Conversely, both provided the ALJ with a sound evidentiary basis to affirm the Commissioner's decision to the contrary.

Plaintiff further asserts that the ALJ failed to review the SGA determination in light of the binding *Kelley* precedent. Under *Kelley*, SGA means full-time employment. *Kelley v. Apfel*, 185 F. 3d 1211 (11th Cir. 1999). This decision narrowed the restrictions in 20 CFR § 416.972. Despite this standard, the Plaintiff's argument here is without merit because nothing suggests that the Commissioner ignored or disregarded the *Kelley* requirement. Rather, his denial employed both the Plaintiff's characterization of her prior work experience and the findings of Drs. Green and Rodriguez. For the aforementioned reasons and in light of Plaintiff's failure to provide additional evidence suggesting she is unable to work, this objection is without merit.

B. **This Court Should Reject the Magistrate's Recommended Finding that the ALJ Properly Considered the Combined Effects of Plaintiff's Impairments Under SSR 02-1p.**

Plaintiff asserts that the ALJ failed to consider the obesity, asthma, and back pain impairments as required by SSR 02-1p. She further asserts that the combination of her impairments preclude her ability to ambulate or perform even sedentary work. SSR 02-1p requires consideration of obesity as a possible factor tending to show disability when coupled with other impairments. The ALJ properly based his decision on the findings of Dr. Perez-Acre, who noted only the Plaintiff had problems standing, but not walking. (Tr. 202). Additionally,

Drs. Green and Rodriguez found that Plaintiff is able to walk for up to six hours a day. (Tr. 214, 222). This testimony and Plaintiff's work history suggests that the ALJ properly considered the interplay of Plaintiff's impairments as required by SSR 02-1p.

### C. This Court Should Reject the Magistrate's Recommended Finding that the ALJ Gave Proper Weight to the Opinions of State Agency Physicians.

Plaintiff asserts that the ALJ gave improper weight to the opinions of the State Agency Physicians and erroneously failed to consider the totality of evidence from Plaintiff's consultative physicians and work experience. Plaintiff correctly states that ALJ must particularly state the amount of weight given to each medical expert used in its decision, *Swindle v. Sullivan*, 914 F. 2d 222 (11th Cir. 1990); *Spencer v. Heckler*, 765 F. 2d 1090 (11th Cir. 1985); however, nothing suggests that the ALJ failed to properly weigh the evidence at the time of decision.

Magistrate Pizzo's R&R specifically and particularly explained the weight given to the opinions of all consultative physicians. Plaintiff's medical history is limited, she did not have a primary care physician, and nothing in her consultative record or work history suggests any medical limitations beyond those noted by the State Agency Physicians. (Doc. 10 at 5).

In addition to Plaintiff's objection above, she further suggests that the ALJ failed to consider evidence from three hospital visits, which occurred after her original application. Despite her concern, nothing suggests the ALJ disregarded this evidence. Further, it is unreasonable to conclude that this evidence could have changed the ALJ's decision because it presented no new diagnoses or impairments. Furthermore, the ALJ had no duty to specifically address every piece of evidence. *Dyer v. Barnhart*, 395 F. 3d 1026, 1211 (11th Cir. 2005).

D. The Court Should Reject the Magistrate's Recommended Finding that the ALJ Properly Relied on the Plaintiff's and Vocational Expert's Testimony.

Plaintiff objects to the ALJ's findings because she believes that the vocational expert relied on an incomplete hypothetical understanding of her limitations. She further asserts that this hypothetical should have included testimony about her personal experience regarding her vocational limitations. Although this district does require that all vocational hypotheticals comprehensively describe plaintiff's limitations, see *Pendley v. Heckler*, 767 F. 2d 1561, 1563 (11th Cir. 1985), the ALJ can properly exclude limitations not found credible in light of the objective evidence on record. See *Wolfe v. Charter*, 86 F. 3d 1072, 1078 (11th Cir. 1996); *McSwain v. Bowen*, 814 F. 2d 617 (11th Cir. 1987). The ALJ properly reviewed this decision in order to exclude Plaintiff's testimony because the evidence is unsupported by both the opinions of her physicians and her previous work experience.

Plaintiff further asserts the hypothetical did not reflect Dr. Green's report suggesting limited exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 214-15, 217). Similarly, this could pose a completeness issue under *Pendley* and could cause an improper vocational determination as a matter of law. *Pendley*, 767 F. 2d at 1563. However, this issue is without merit because, although the ALJ did not quote from Dr. Green's report when creating the hypothetical, Plaintiff fails to point out any significant deviation between the ALJ's RFC finding and the contents of the hypothetical. The ALJ's determination of RFC is proper because the Plaintiff has not shown that Dr. Green's report significantly alters her possibility of obtaining work within her RFC.

> E. **The Court Should Reject the Magistrate's Recommended Finding Because of a Failure to Utilize the Eleventh Circuit Pain Standard.**

Plaintiff finally asserts that the ALJ's findings should be remanded for failure to properly apply the Eleventh Circuit pain standard per *Holt v. Sullivan*, 921 F. 2d 1221, 1223 (11th Cir. 1991). This standard first requires that the Plaintiff present evidence of and underlying medical condition. To satisfy this Plaintiff presented testimony regarding non-exertional pain, fatigue, and an inability to stoop. Plaintiff then claimed error when this testimony was not featured prominently in the ALJ's decision. Contrary to Plaintiff's assertion, the written decision states that all symptoms were considered "the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR § 416.929, and SSR 96-7p." (Tr. 42). Nothing in the record suggests the ALJ improperly weighted Plaintiff's testimony in light of available objective evidence. Rather this determination is consistent with both medical testimony and Plaintiff's characterizations of her capabilities and impairments.

Upon review of the record, we affirm the ALJ's findings and the Commissioner's affirmation of the consulting doctors. Additionally Plaintiff's characterizations of her previous work experience support the finding that she is capable of a limited range of light work consistent with the medical and other evidence of record. (*See* Tr. 276-77).

## IV. CONCLUSION

This Court has thoroughly reviewed the Report and Recommendation of the United States Magistrate Judge Mark A. Pizzo and made an independent review of the record. Upon due consideration, this Court concurs with the Report and Recommendation. Accordingly, it is

**ORDERED** that the Report and Recommendation, dated January 25, 2008 (Doc. 10) be **ADOPTED** and **INCORPORATED BY REFERENCE**; this Court finds that the decision of

the Commissioner of Social Security should be **AFFIRMED**. The Clerk of Court is directed to enter judgment for the Defendant and close the case and terminate any pending motions.

**DONE and ORDERED** in chambers, in Tampa, Florida, this 11th day of June 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.